IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DELORES M. SKENDER, Executrix
of the Estate of RICHARD L. SKENDER,
Deceased                                                                                            PLAINTIFF

VS.                                               CASE NO. 08-CV-1057

AMERON INTERNATIONAL
CORPORATION, et al.                                                                         DEFENDANTS

# ORDER

Before the Court is a Motion for More Definite Statement, Motion to Dismiss, or in the Alternative, Answer filed on behalf of Separate Defendant Ameron International Corporation. (Doc. No. 11-4). The Plaintiff has not responded to the motion.

On September 5, 2007, Plaintiff Delores M. Skender filed this toxic tort lawsuit in the Circuit Court of Ashley County, Arkansas. On July 16, 2008, the case was removed to this Court on the bases of diversity of citizenship.[1] In the Complaint, Plaintiff claims that Richard L. Skender, deceased, was exposed to certain toxic substances and products that were manufactured, supplied, and/or distributed by the named Defendants during his employment at the Georgia Pacific plant in Crossett, Ashley County, Arkansas. Specifically, Plaintiff claims that Separate Defendant Ameron International Corporation manufactured and/or distributed paints, enamels, epoxies, coatings, paint additives, primers, solvents, thinners, reducers, or lacquers used by or in

---

[1] On May 29, 2008, the state court dismissed Defendant Johnson Oil Company, the only defendant who was a citizen of Arkansas. Thereafter, the matter was removed to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).

the vicinity of Skender during his employment at the plant.  Plaintiff claims that Skender was exposed to these toxic substances on a daily basis and that he suffered illness, disease and wrongful death as a result to this exposure.  Plaintiff seeks money damages in an amount in excess of that required for federal jurisdiction under 28 U.S.C. § 1332,

Defendants Ashland Chemical, Inc., Beaser East, Inc., Carboline Company, Elementis Chemical, Inc., Shell Oil Company, T.H. Agriculture and Nutrition, LLC, and The Sherwin-Williams Company have filed Answers to the Plaintiff's Complaint.  Defendant Ameron International Corporation has filed the pending Motion for More Definite Statement, Motion to Dismiss, or in the Alternative, Answer.  The Court will discuss each of Ameron's motions separately.

*Motion for More Definite Statement*

The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e).  Such a motion should not be granted unless the Complaint is so vague or ambiguous as to be unintelligible "that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." 5C Wright & Miller, Federal Practice & Procedure: Civil 3d § 1376 at 311 (2004).  This is a stringent standard that is rarely met in light of the liberal notice pleading standards of the federal rules which require only "a short and plain statement of the claim which will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Meridan Enterprise Corp. v. Bank of America Corp.,*

6006 WL 3210497, * 1 (E.D.Mo. Nov. 3, 2006). It is a "remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." *Kia Motors America, Inc. v. Autoworks Distributing,* 2006 WL 2943306, *3 (D.Minn. Sept. 28, 2006). When the information sought by the party moving for a more definite statement is properly available through discovery, the motion should be denied. *See Eastman v. County of Sheridan,* 2007 WL 1814214, *4 (D.Neb. June 21 2007).

Ameron argues that it is unable to frame a response to Plaintiff's Complaint because it fails to describe the specific products manufactured or distributed by Ameron to which Skender was exposed. Amerson also argues that the Complaint does not specify the products manufactured or distributed by it that caused Skender's damages or how those damages were caused by the actions of Ameron.

The Federal Rules of Civil Procedure do not require the Plaintiff to set out in detail the facts upon which she bases her claims. To the contrary, all the Rules require is "a short and plaint statement of the claim" that will give Ameron fair notice of the Plaintiff's claims and the grounds upon which they rest. Fed.R.Civ.P. 8(a)(2). In reviewing the Complaint, the Court does not believe that it is so unintelligible as to Ameron that it cannot reasonably frame a responsive pleading.[2] Therefore, upon consideration, the Court finds that Ameron's Motion for More Definite Statement should be denied.

*Motion to Dimsiss*

A motion to dismiss should be granted when the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal should be granted only when the

---

[2] The Court notes that in response to Plaintiff's Complaint, Ameron has filed an Answer in the alternative giving weight to the Court's belief that the Complaint is not so unintelligible that Ameron cannot reasonably frame a responsive pleading.

3

plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d (2007)(overruling the "no set of facts" standard of *Conley v. Gibson,* 335 U.S. 41, 45-46(1957)). Consequently, a motion to dismiss under Rule 12(b) should be granted where a plaintiff has failed to nudge his claims across the line from conceivable to plausible. *Id.* In evaluating a complaint, only its legal sufficiency may be considered, not the weight of the evidence supporting it. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The complaint must be liberally construed in the light most favorable to the plaintiff. *Bell Atlantic,* 127 S.Ct. at 1964-65. Furthermore, a court must accept as true all factual allegations in the complaint, even if doubtful. *Id.* at 1965.

In its Motion to Dismiss, Ameron claims that the Complaint in this matter should be dismissed because Plaintiff has failed to allege facts sufficient to meet the "frequency, regularity, and proximity" test adopted by the Arkansas Supreme Court in *Chavers v. General Motors,* 349 Ark. 550, 79 S.W.3d 361 (2002). In order to prevail under this test, a plaintiff must prove 1) that he was exposed to a particular toxic substance, 2) with sufficient frequency and regularity, 3) in proximity to where he actually worked, 4) such that it is probable that the exposure to the toxic substance caused the plaintiff's alleged injuries. *Id.* at 562.

In this case, Plaintiff has alleged that her husband Richard Skender was exposed to certain toxic substances manufactured and/or distributed by the Defendants, namely gasoline, diesel fuel, benzene, paints, enamels, epoxies, coatings, resins, coal tar paste, paint additives, primers, solvents, mineral sprits, thinners, reducers, lacquers, sealers, naphtha, varnish and hardener products. She claims that these toxic substance were used by or in the vicinity of

Skender during his employment at the Georgia Pacific plant is Ashley County. Plaintiff claims that Skender was exposed to these toxic substances on a daily basis and that he suffered illness, disease and wrongful death as a result to this exposure. The Court finds these alleged facts sufficient to state a plausible claim under Arkansas' *Chavers* test. Thus, it can not say that the Plaintiff has not proffered "enough facts to state a claim to relief that is plausible on it face." Therefore, upon consideration, the Court finds that Ameron's Motion to Dismiss should be denied.

 For the reasons stated herein and above, Ameron International Corporation's Motion for More Definite Statement and Motion to Dismiss should be and hereby are **denied**.

 IT IS SO ORDERED, this 20th day of January, 2009.

            /s/Harry F. Barnes
            Hon. Harry F. Barnes
            United States District Judge